703 P.2d 689

**Debra MARTIN, SSA 530 56 0180, Claimant-Appellant,**

v.

**CRANE CREEK COUNTRY CLUB, Employer-Respondent,**

**and**

**State of Idaho, Department of Employment, Respondent.**

**No. 15455.**

Supreme Court of Idaho.

July 11, 1985.

Jeffrey M. Wilson, Boise, for claimant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Evelyn Thomas, Deputy Atty. Gen., Boise, for employer-respondent.

James Roberts, pro se, for Crane Creek Country Club.

SHEPARD, Justice.

This is an appeal from a decision of the Industrial Commission which denied unemployment compensation benefits to claimant Martin and disqualified Martin from receipt of any unemployment benefits for an additional period of 52 weeks, on the basis that claimant had wilfully made a false statement and failed to report a material fact in order to obtain unemployment benefits. We reverse.

At the hearing before the commission (referee), there was no appearance by the employer Crane Creek Country Club or by the Department of Employment. The totality of the evidence was the testimony of the claimant Martin, with no cross-examination, and an affidavit supporting her position by a former director of the Department of Employment. Hence, there is not only a lack of conflict in the evidence, but there is no evidence except that presented by claimant.

Claimant was employed as a dining room manager by Crane Creek Country Club for approximately five years. She was told by the manager of the club that she was required to resign and that if she did not resign, she would be fired. She therefore submitted a written resignation.

The procedure within the Department of Employment is not a part of the record here. However, the decision of the appeals examiner is a part of the record. Neither party disputes the procedures recited in the decision of the appeals examiner, wherein it is stated:

"The claimant left that employment because her resignation was requested. A redetermination issued by the Department of Employment on August 22, 1983, declared that the circumstances surrounding the leaving of work were not disqualifying. *The leaving of work was determined to be due to the fact that the claimant had been discharged,* but that misconduct had not been established. *The redetermination went final without appeal from the employer.*" (Emphasis supplied.)

Therefore, the only record before the Court indicates that the Department of Employment had determined that claimant Martin had been discharged and that such discharge was not for the misconduct of the claimant. No appeal was taken from that decision.

After being found eligible for benefits, claimant was instructed to report to the "Job Service," where she was given documents to "file for unemployment insurance benefits." Those documents contained the following statement:

"The reason I became unemployed on the above date was:

_____ Lack of work _____ Voluntary quit _____ Discharged."

Since she had resigned (albeit the Department of Employment had determined that she had been effectively discharged), she was unsure which answer was correct. She consulted two friends in state government, one of whom was a former director of the Department of Employment. His affidavit clearly demonstrates that he advised her to check the answer "lack of work." As stated in the decision of the appeals examiner, the claimant "was relying on the opinion of the former director of the Department 'as to the correct interpretation of the events.'" She did not ask for a private interview at the department to verify the opinion of the former director, because she looked to him as knowledgeable.

There is no indication from the record before the commission (referee) that the testimony or the evidence of the claimant is unbelievable or not credible. Indeed, the decision of the appeals examiner contains the language, "The claimant's demeanor at the hearing, and written statements in the record, show that she is intelligent, sophisticated and articulate."

Following the hearing before the appeals examiner, findings of fact, conclusions of law and an order were entered denying unemployment compensation benefits and determining claimant to be ineligible for benefits for 52 weeks in the future. Upon appeal to the Industrial Commission, the referee, rather than entering findings of fact, stated:

"The Referee finds that the statement of facts contained in the decision of the Appeals Examiner is correct and complete ... The referee therefore adopts the Findings of Fact set forth in the decision of the Appeals Examiner as the Findings of Fact of the Referee."

The referee concluded:

"It is clear that the Claimant deliberately withheld information from the Department of Employment, rather than report all information solicited fully and accurately as required by *Meyer vs. Skyline Mobile Homes* 99 Idaho 754 [589 P.2d 89]."

We stated in *Meyer*, 99 Idaho 754, at 760, 589 P.2d 89, at 95 "a fact is material if it is relevant to the determination of a claimant's right to benefits; it need not actually affect the outcome of the determination," and that the act or omission must be "a conscious wrong," although it need not necessarily stem from "having an evil or corrupt motive or intent." In *Meyer*, it was further stated, "Claimant did in fact *willfully* fail to report a *material* fact *in order to obtain benefits*."

As noted above, there is no conflict in the evidence and in fact, the only available evidence supports the claimant. That evidence indicates that claimant fully stated to the Department of Employment the circumstances surrounding her termination of employment, *i.e.*, that her employer demanded her resignation, with the only alternative being discharge. The department made a determination of eligibility for benefits, and upon the failure of the employer to appeal, that determination became final. Therefore, it is simply impossible to hold on the record before us, as was held by the referee, "It is clear that claimant deliberately withheld information from the Department of Employment, rather than report all information solicited fully and accurately ..." The department had determined, on the basis of claimant's disclosure, that she was qualified for unemployment compensation benefits. To hold that claimant, at a later time, willfully withheld facts which she had already disclosed to the department, or that she did so for the purpose of obtaining a favorable ruling (which she had already obtained), is incongruous and not supported by the record.

Under these unique circumstances, to affirm the decision of the commission (referee) would be a clear example of supreme exaltation of form over substance.

The decision of the Industrial Commission is reversed and the cause is remanded for the entry of appropriate orders consonant with this decision. Costs to appellant. No attorney fees on appeal.

BISTLINE and HUNTLEY, JJ., and McFADDEN, J. Pro Tem., concur.

BAKES, Justice, concurring in the reversal:

I concur that the decision of the Industrial Commission in this matter must be reversed. The claimant Debra L. Martin filed her claim for benefits on July 22, 1983. An interview was held with a Department of Employment interviewer who contacted the employer and was advised that claimant "basically was asked to resign." Nevertheless, the claimant was determined to be ineligible for benefits for a year for willfully having made false statements because she filed her claim listing the reasons for unemployment as being "lack of work."

Claimant asked for a redetermination, and by a decision dated August 22, 1983, was determined to be eligible for unemployment insurance benefits effective July 17, 1983, the claims examiner specifically determining that "misconduct [was] not established in connection with employment." The claims examiner stated as the basis for the redetermination that, "You were requested by your supervisor to resign. No misconduct has been shown." Department of Employment Exhibit No. 13. However, there is another exhibit in the file, Department of Employment Exhibit No. 10, on substantially the same form, signed by the same claims examiner, bearing the same date of August 22, 1983, but arriving at the opposite conclusion, in which the claims examiner finds that the claimant "willfully made false statement or failed to report a material fact" in that the claimant "indicated on your claim filed 7/22/83 '☒ lack of work' which you knew to be untrue."

Nothing in the record explains the discrepancy between the two exhibits, Exhibit 10 and Exhibit 13. Exhibit 10, the exhibit finding that claimant made a willful false statement, does not reflect any service upon the employer, nor is it stamped with the Appeals Department stamp as is Exhibit 13, which finds no misconduct on the part of the claimant. However, claimant apparently received a copy of Exhibit 10, because claimant filed a notice of appeal from that redetermination by the claims examiner finding that she had willfully made a false statement, whereas the employer did not appeal from the redetermination set out in Exhibit 13, which found that the claimant was not guilty of misconduct.

In a subsequent hearing on September 20, 1983, before the appeals bureau of the Department of Employment, an appeals examiner, in the course of reviewing the proceedings, stated the record to be that "a redetermination issued by the Department of Employment on August 22, 1983, declared that the circumstances surrounding the leaving of work were not disqualifying. The leaving of work was determined to be due to the fact that the claimant had been discharged, but that misconduct had not been established. *The Redetermination went final without appeal from the employer.*" (Emphasis added.) The appeals examiner made no mention of Exhibit 10, but proceeded on the basis that Exhibit 13, the redetermination which found that "no misconduct has been shown," was the correct action taken by the claims examiner of the Department of Employment. The record supports that conclusion. As the appeals examiner noted, no appeal was taken from that order.

Accordingly, the redetermination dated August 22, 1983, Department of Employment Exhibit No. 13, finding that the claimant was eligible for unemployment insurance benefits and that no misconduct had been shown, was the final decision of the Department of Employment, from which no appeal was taken by the employer. Unless and until the record before this Court is augmented or corrected to reflect other-

wise, the decision of the claims examiner contained in Exhibit No. 13 became final. Accordingly, I concur with the majority that the claimant is entitled to benefits based upon that redetermination which was not appealed.